LUIS VILELLA-VÉLEZ, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 740.   Submitted November 16, 1928.—Decided December 24, 1928.

*José Sabater* for the appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 24 of Act No. 39 of April 23, 1928, provides:

"The amount of the fees which the schedule of fees prescribes for the different services shall be paid in internal revenue stamps, as herein prescribed, on the presentation of any document to be recorded or entered in the registry, or when any certificate is solicited, and the registrar shall fix and cancel all stamps paid for services rendered, and he shall return, uncancelled, to the interested party any stamps which it may not be necessary to use. If, at the time of effecting the operation in the registry, the registrar should need more stamps than those deposited by the interested party, the registrar shall require such party to deposit the difference, and if the latter should not make the deposit within the time that the entry of presentation is in force, the registrar shall suspend the record or entry by means of a note on the margin of the entry of presentation, in which he shall state his reasons. This note shall be in effect for one hundred and twenty days and from it an appeal may be taken to the Supreme Court following the procedure established in the Act to provide for appeals against the decisions of registrars of property, approved March 1, 1902. If the note is reversed, the registrar shall proceed to record or enter the document, and in case it is affirmed, the interested party, in order to obtain the record or entry, shall have to deposit in stamps the difference required by the registrar."

Juan Aquino Ríos sold a piece of land. For this sale the vendor received $1,085 while the purchaser retained $1,700 with which to pay an existing mortgage. According to the tariff, calculating therefore the total value at $2,785. the person seeking record would have to deposit $6.50. The registrar required the deposit of $8.00 and invoked paragraph 7 of section 22 of the Tariff Act.

It provides:

"For the purpose of grading the fees the value of property encumbered with mortgages shall be deemed to be the amount for which

it may be conveyed, plus the value of the mortgages when they remain in force." Act No. 32 of 1917.

Now the registrar would be right if the purchaser had paid the vendor $2,785 and there was an outstanding mortgage. What the purchaser did was to pay the vendor not $2,785, but $1,085. The purchaser retained $1,700 to pay a mortgage and this was the mortgage contemplated by paragraph 7, section 22, *supra,* and was an actual existing mortgage.

We think the words "the amount for which it may be conveyed" contained therein mean only the amount of cash that passes from the purchaser to the vendor, in this case $1,085. The seller never received any other amount. The intention of the law was that the purchaser should pay a fee for the actual value of the land as represented by the money that changed hands plus the amount of the mortgage or mortgages existing on the property, and this is what he really did. The effect of the ruling of the registrar would be to require the purchaser to pay twice a fee on a single mortgage of $1,700.

The note will be reversed.